UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRIMINIA WILLIAMS on behalf of D.J., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01401-TWP-MJD |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Carolyn W. Colvin's, the Acting Commissioner of the Social Security Administration ("the Commissioner"), Motion to Dismiss the Complaint filed by Plaintiff Triminia Williams ("Ms. Williams"), on behalf of D.J, the infant claimant. For the following reasons, the Commissioner's Motion to Dismiss (Dkt. 10) is **GRANTED**.

### I.   BACKGROUND

In a decision dated May 9, 2006, D.J., the infant claimant, was found to be disabled as of March 10, 2006.  D.J.'s disability was determined to have ended on December 31, 2009.  Ms. Williams, D.J.'s mother, filed a timely request for a hearing before Administrative Law Judge Monica LaPolt ("the ALJ"), and a hearing was held on May 12, 2011.

On August 3, 2011, the ALJ issued a decision denying Ms. Williams's claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, and a copy of the ALJ's decision was mailed to her home address along with a notice of denial.  This notice informed Ms. Williams of her opportunity to file an appeal with the Appeals Council

within sixty days of receiving the notice. She was also informed of her opportunity to ask the Appeals Council to extend the time to file an appeal.

Ms. Williams requested review by the Appeals Council on January 30, 2012, with no explanation for filing after the 65-day deadline. On February 18, 2012, the Appeals Council sent a notice to show good cause to Ms. Williams's home address; she provided no response. Then, on April 7, 2012, the Appeals Council sent a notice of its decision to dismiss the request for review to Ms. Williams's home address.

Proceeding *pro se*, Ms. Williams filed a Complaint for judicial review in this Court on October 1, 2012 (Dkt. 1). The Commissioner filed a Motion to Dismiss the Complaint on December 27, 2012 (Dkt. 10).

## II.   LEGAL STANDARD

The Social Security Act provides for judicial review of the Commissioner's denial of benefits. 42 U.S.C. § 405(g). Congress allocated authority to the Commissioner to promulgate necessary and appropriate procedures for relief under § 405. 42 U.S.C. § 405(a). The Commissioner has exercised this authority by declaring that untimely appeals to the Appeals Council will be dismissed, and those dismissals are unreviewable by the federal courts. 20 C.F.R. § 416.1471-416.1472.

Claimants have sixty days after receiving notice of an administrative law judge's decision to submit a request for review by the Appeals Council. 20 C.F.R. § 416.1468(a). The Appeals Council will extend this deadline if the claimant can show "good cause" for missing the deadline. 20 C.F.R. § 416.1468(b). According to Social Security regulations, the sixty-day period begins to run five days after the date on the notice of denial, unless the claimant shows that the denial was not received within the five-day period. 20 C.F.R. § 416.1401. Doctrines of equitable tolling and estoppel have been found to apply to provisions of the Social Security Act. *See*

generally *Bowen v. City of New York*, 476 U.S. 467, 479-481 (1986); *Schweiker v. Hansen*, 450 U.S. 785, 787-88 (1981) (per curiam).

The period of limitations for requesting judicial review in § 405(g) serves a valuable purpose and must be strictly construed. *See Bowen*, 476 U.S. at 481 (noting that "[i]n addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually"); *Easterly v. Astrue*, No. 1:09–CV–0844–SEB–DML, 2010 WL 3702654, at *2 (S.D. Ind. Sept. 8, 2010) (citing *Bowen*, 476 U.S. at 479). *See also Berg v. Bowen,* 699 F. Supp. 184 (S.D. Ind. 1988) (granting dismissal because the action was filed at least two days later than the limitation period in section 405(g) and "no facts [were] brought forward indicating the period should be extended"); *Bowlin v. Astrue*, No. 08–CV–00750–DGW, 2010 WL 5113987, at *2–3 (S.D. Ill. Dec. 9, 2010) (granting dismissal when the complaint was filed seven days after the end of the limitation period and the facts did not support equitable tolling).

### III. DISCUSSION

The Commissioner argues the Complaint should be dismissed because both it and the appeal to the Appeals Council were not timely filed. In essence, the Government makes a nested jurisdictional challenge: lack of jurisdiction for the late filing in this Court and from the late filing to the Appeals Council. In her response to the Commissioner's motion to dismiss, Ms. Williams asserts that she did not receive at least one of the Commissioner's notices in the mail[1] and that Social Security Administration employees gave her "incorrect information."

---

[1] Ms. Williams seems to suggest she failed to receive only one notice, but the analysis of this case remains the same even if the Court gives her the benefit of the doubt and assumes she meant all three of the Commissioner's notices.

Because the ALJ issued a decision on August 3, 2011, the last day to file a request for review was on October 7, 2011. Ms. Williams waited until January 30, 2012 to file a request for review, therefore, she untimely appealed the ALJ's decision to the Appeals Council and judicial review in this Court is not available. The Appeals Council dismisses requests for review that are not timely filed. 20 C.F.R. § 416.1471. It entertains requests for extension of time upon showing in writing of "good cause" by the claimant. 20 C.F.R. § 416.1468(b).

Dismissals of requests for review are "binding and not subject to further review." 20 C.F.R. § 416.1472. As stated by the Third Circuit, "the plain language of the regulation clearly establishes that such a dismissal is not subject to judicial review at all." *Bacon v. Sullivan*, 969 F.2d 1517, 1520 (3d Cir. 1992). That is, the chain of review through which a claimant may ordinarily appeal her claims is severed when the claimant does not appeal to the Appeals Council on time.

The notice sent to Ms. Williams by the Commissioner notifying her of the ALJ's decision clearly stated that an appeal to the Appeals Council must be filed within 60 days. The notice also stated that it would be presumed that Ms. Williams received the letter five days after the ALJ issued her decision unless Ms. Williams showed the Appeals Council that she received it after that date. Ms. Williams filed her appeal with the Appeals Council over five months after the Appeals Council issued its decision. Since she did not respond to the Appeals Council's notice to show good cause for her late appeal, she had at most sixty-five days to respond. Whatever her reasons for not filing with the Appeals Council on time may have been, she had two opportunities to explain them to the Appeals Council and failed to do so. Furthermore, the

Appeals Council has the discretion to find that she possessed "good cause" for appealing late, the Court does not.[2]

As stated above, the Appeals Council's dismissal of an appeal is binding, so this Court cannot entertain Ms. Williams's request for equitable relief. The Court interprets these as requests for equitable tolling and estoppel, respectively.  *See generally Bowen*, 476 U.S. at 479-481 (finding the sixty-day statute of limitations under § 405(g) may be tolled and that equitable tolling was not inconsistent with Congress's intent); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) (citing *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000)) (stating that the claimant bears the burden of showing the "exceptional circumstances" required for equitable tolling to exist); *Schweiker*, 450 U.S. at 787-88 (1981) (discussing requirements for equitable estoppel under the Social Security Act).  Ms. Williams had multiple opportunities to explain these circumstances to the Appeals Council, and unfortunately failed to raise them at the proper stage of the proceedings.  The Court has no statutory authority to review these claims because she did not first bring them before the Appeals Council, therefore the Commissioner's motion must be granted.

## IV.  CONCLUSION

Ms. Williams's appeal to the Appeals Council was untimely, and this fact precludes review in this Court under § 405(g).  For the foregoing reasons, the Commissioner's Motion to Dismiss (Dkt. 10) is **GRANTED**, and the case is **DISMISSED**.

**SO ORDERED.**

Date: 10/07/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[2] Even if Ms. Williams's claim were reviewable in this Court despite her untimely appeal to the Appeals Council, the Court would have dismissed her Complaint because she failed to timely file with the District Court and did not ask for an extension of time from the Appeals Council.  *See* 42 U.S.C. § 405(g)-(h); 20 C.F.R. §§ 416.1401, 422.210(c).

5

DISTRIBUTION:

Triminia Williams
9852 Lake Terrace Place
Indianapolis, Indiana   46229

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov